MiNSHarr, J.
From the averments of the petition it appears that a recovery is soúght on the ground that the death of Henry Norman was caused by the 'negligent manner in which the defendant maintained the roof of that portion of the mine in which he was employed at the time the roof fell; and, while it is averred that the accident occurred without fault on his part,- it is not averred that at that time and prior thereto, he was without knowledge of the condition of the roof, and that it was dangerous to continue in the employment of the company under it; or that, having such knowledge, he informed the company, and continued in its employment on its promise to remedy the defects. „
The rules which determine the liability of a master to his servant, injured in his employment, may be regarded as well settled. In the absence of a contract, the master is not, in any case, the insurer of the safety of his servant. It is, however, his duty to furnish the servant with reasonably safe appliances, and to protect him from such dangers in the performance of his work, as in the exercise of ordinary care and prudence, .can . be provided against. It necessarily results from this, and so the law is, that the servant, by the terms of his employment, is presumed to assume the risk of such injuries from accident as are incident to the nature and character of the employment, and against which the master could not, in the exercise of ordinary care, have protected him. And, as a further limitation upon the liability of the master for injuries received by the servant in the course of his employment, it is equally well settled, that no recovery can be had against'the master, where the cause of the injury, of whatever nature, was unknown to the master and could not have been known in the exercise of ordinary care. And,, furthermore, no recovery can be had where the source of danger is known to the servant, and he, without communicating his knowledge to the master, continues in his service; in such case he is presumed voluntarily-to assume the risk, *606 and is without remedy, according- to the maxim volenti non fit injiiria; unless it is made to appear that be informed the master of the facts and continued in his service on the faith of a promise that he would remove the danger by remedying the defects. Whilst recent decisions have given a more liberal construction than formerly prevailed to the rights of a servant, remaining in the employment of the master after he has knowledge that there are defects in the appliances furnished, or in the conditions that surround him, making it hazardous to do so, they have not, as we believe, gone beyond the above statement of the law on the subject. Manufacturing Company v. Morrissy, 40 Ohio St., 148; Sherman & Redfield on Negligence, § 208 and notes.
We come then to the question, whether in view of the law of the case the petition states a cause of action against the company. The objection made on the demurrer is, that, whilst it is averred that the falling of the roof and the injury to the decedent, occurred without fault on his part, it is not averred that he was without knowledge of the unsafe condition of the roof at and prior to the accident; or that, having such knowledge, he informed the company and con-, tinued in its employment on its promise to remove the danger. On the other hand it is argued, that the averment that the roof, of the mine fell and caused the death of Henry Norman “without fault on his part” includes by implication ■that the character of the roof and the insufficiency of its supports, were unknown to the deceased.
After a careful consideration of the question we are of the opinion that, both upon principle and authority, the demurrer should have been sustained. The deceased may at the time have been without any fault contributing to his injury — may have been extremely careful — and yet fully aware of the danger to which he was exposed from the insecurity of the roof of the mine; and a failure to communicate such fact to the employer is' not a mere matter of defense that should be pleaded, but a defect in the ground on which his liability is asserted; that is to say, actionable negligence. Hence, to have constituted a cause of action, the petition should have averred, either that the deceased *607 was without knowledge as to .the dangerous character of the roof of the mine, or that, having such knowledge, he had informed the company, and continued in its employment on its promise,, express or implied, to remedy the defect; and the averment that the accident occurred without fault of the deceased is not the equivalent of such averment. Beach, Contributory Negligence, § 16. In Wood on the law of Master and Servant, § 414, it is said: “The. servant, in order to recover for defects in the appliances ot the business, is called on to establish three propositions: 1. That the appliance was defective. 2. That the master had notice thereof, or knowledge, or ought to have had, 3. That the servant did not know of - the defect, and had not equal means of knowing with the master;” and it is elementary in the law of pleading that, whatever a party is required to prove in order to make out his claim must be averred.
The precise point presented in this case, as to the sufficiency of a petition in an action by a servant against his master for an injury caused by negligence, has not heretofore been determined by this court. But in other states, where it has arisen, it has generally been held, that want of knowledge of the efficient cause of the injury, or facts excusing such knowledge, must be averred in the complaint. The cases are cited in the brief of the plaintiff in error. All the approved precedents contain such an averment. 1. Bates’ Pleadings and Practice, 562, 2. Yaple, Code Practice and Precedents, 1177; Maxwell, Code Pleading, 241, 244.

Judgment reversed and cause remanded for fiirther proceedings.